### E. CRANFILL v. THE STATE.

#### No. 3313. Decided February 21, 1906.

**1.—Keeping Open Saloon on Election Day—Indictment.**

Where on a trial for keeping open a saloon on an election day, the indictment alleged that the election was held in the Independent School District of Sweetwater, the same was sufficiently definite as to the location of the bar room.

**2.—Evidence—Officer Can Not Authorize Violation of Law—Bill of Exceptions —Accomplice.**

Upon trial for keeping open saloon on election day where the bill of exceptions failed to recite the purpose for which defendant offered testimony that the presiding officer of the election and the sheriff had promised him immunity from prosecution and failed to specify that these persons were accomplices, there was no error in refusing admission of the same; nor was this testimony admissible to show that the saloon was not kept open wilfully.

**3.—Same—Charge Refused—Wilfully—Statutes Construed.**

It is not necessary upon a trial for keeping open a saloon on election day that the evidence should show that the keeping open of such saloon was wilful, and there was no error that the court refused an instruction defining the term wilful.

**4.—Case Stated—Back Door.**

Upon a trial for keeping open a saloon on an election day where the evidence showed that during said election defendant kept the back door of his saloon open, and that his saloon was very fully patronized by people during the day, the conviction for the above offense was sustained.

Appeal from the County Court of Nolan. Tried below before Hon. A. B. Yantis.

Appeal from a conviction of keeping open a saloon on an election day; penalty, a fine of $200.

The opinion states the case.

*J. F. Eidson,* for appellant.—On question of sufficiency of indictment: Brown v. State, 26 Texas Crim. App., 540; Morris v. State, 17 id., 660; Woolsey v. State, 14 id., 57; Strickland v. State, 33 Texas Crim. Rep., 559; McAfee v. State, 38 id., 124; Higgins v. State, 19 S. W. Rep., 503. On the question of wilfully: Randle v. State, 12 Texas Crim. App., 250.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for keeping open a saloon on an election day. The indictment is criticised because it is not specific in its allegation as to the location of the bar room. That portion of the indictment is as follows: "* * * In the County of Nolan and State of Texas, did then and there unlawfully on the 7th day of May, 1904, a public election was held under authority of law in Sweetwater Independent School District in said county, and in said city of Sweetwater, for the purpose of electing seven trustees for the said Independent School District of Sweetwater, and E. Cranfill during the day on which said election was held, as aforesaid, did then and there unlawfully and wilfully open and keep open in said city of Sweetwater a bar room," etc. We believe these allegations are sufficiently definite to show that the election was held in the Independent School District of Sweetwater, and that said city of Sweetwater is in said independent school district, and that the bar room was open in said city of Sweetwater.

The State introduced several witnesses, among them, the president of the board of trustees, the sheriff, and may be one or two other witnesses, to make its case. Appellant then proposed to prove by the sheriff and the presiding officer of the election, that they, and especially the sheriff informed appellant that he could keep open the back door of his saloon if he would close the front door and that it would not be a violation of the law, and he (the sheriff) would protect him against a prosecution. This is the substance, without going into a detailed statement of the rejected testimony. The bill fails to recite the purpose for which this testimony was sought. It could not be used to show that he had not violated the law. It is not within the power of the officers to authorize any one to violate this law. The question is not suggested by appellant, either in bill of exceptions, motion for new trial or special charges that these witnesses were accomplices; nor was it proposed to introduce this evidence to show that these witnesses were accomplices. If the bill of exceptions had shown that this was the purpose of the rejected testimony, it would have been error to refuse to admit it. But the bill of exceptions, as before stated, does not state the object or purpose of offering the testimony. In the brief it is suggested that it was admissible to show that the saloon was not kept open "wilfully" or with the intention of violating the law. But

this was not stated in the bill of exceptions. Had it been so stated, it would not have been admissible for such purpose.

Appellant requested an instruction, which was refused, defining "wilfully" and further that if the jury should find the saloon was not opened wilfully they should acquit. The court did not err in refusing this instruction. It is not necessary under our law that the opening of the saloon shall be wilful. The statute prohibits the opening or keeping open of such place on the day of the election without using "wilfully."

In regard to the sufficiency of the evidence it is found to be ample to warrant the finding of the jury that appellant violated the law under which he was indicted. About 10 o'clock in the morning he was notified that an election would be held, and he would be required to close. Up to that time it seems that none of the saloons were aware of the fact that an election would be held on that day. As before stated, the saloon men were notified by the sheriff and presiding officer of the election to close, and all did so: at least so far as the front doors were concerned. From that time on the rear door of appellant's saloon was kept open, and it seems to have been very fully patronized during the day: thirty or forty people being in there at one time. We think the evidence is sufficient to show that he violated the law. There being no sufficient legal errors to reverse the judgment, and the evidence being sufficient, the judgment is affirmed.

*Affirmed.*